Smith, J.
The simple question, fairly presented in this case, is, has a justice of the peace, under our law, jurisdiction of an action, in which the plaintiff seeks to recover damages for loss of personal property, caused by a flow of water from the premises of another, resulting from the bursting of the water-pipes thereon — that is for a' consequential injury, as distinguished from that caused by a direct trespass.
■ By the provisions of sec. 591, Rev. Stats., justices of the peace have no cognizance of “ actions in which the title to real estate is sought to be recovered, or may be drawn in question, except actions of trespass to real estate.”
Substantially the same provision has been in force for a great many years, and has several times been construed by the supreme court. The result of these cases, so far as the question under consideration is concerned, is this, as stated in the case of Bridgeman v. Wells, 13 Ohio, 43, and approved in 21 Ohio St., 190: “Where the plaintiff, in order to sustain his case, is compelled in the first instance to prove certain facts, or disprove them, and those facts, or either of them, is title to lands and tenements, the jurisdiction of the justice is excluded except in trespass.”
In this case'one of the facts which the plaintiff was required to prove to entitle him to maintain his action against the defendant, was that the latter had some title, by possession or otherwise, of the premises from which the water flowed; without this, as there was no claim that the injury resulted from the direct act of the defendant, there could have been no *51 liability on bis part. The action, in that event, might as well have been brought against any other stranger.
F. T. Cahill, for plaintiff in error.
Jerome B. Creed, for defendant in error.
In his bill of particulars the plaintiff alleged the ownership of the premises from which the water flowed, to be in Mr. Coles, the defendant, and offered evidence as to this on the trial, as he was bound to do to maintain his action, and this showed that under the law the justice was excluded from any jurisdiction of it, and the motion of the defendant to dismiss the case, should have been granted.
The judgment of the common pleas, affirming the judgment of the justice of the peace in favor of the plaintiff, is reversed, with costs. And this court, proceeding to render the judgment the common pleas should have rendered, reverses the judgment of the justice of the peace, with costs, and directs that the case be stricken from the docket of the magistrate, on the ground that he had no jurisdiction of it.